UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID OPPENHEIMER,
              Plaintiff,

v.                                           Case No. 4:20-cv-2747

DAVID R. LUETCHFORD; *and*
DRL ENGINEERING, LLC
              Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, David R. Luetchford ("Luetchford") and DRL Engineeering, LLC ("DRL") (collectively, "Defendants") alleges:

**JURISDICTION/VENUE**

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. 1202, *et. seq*. of the Digital Millennium Copyright Act ("DMCA").

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

**THE PARTIES**

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4.       Luetchford is an individual citizen of the State of Texas, as well as the owner, manager, member, registered agent, and/or other genre of principal of DRL Engineering, LLC. Luetchford will receive actual notice of this filing by service upon him at 16225 Park Ten Pl, Suite 105, Houston, Texas 77084, or at his homestead, 6978 FM 2 Rd., Navasota, Texas 77868, or wherever he may be found.

5.       DRL is a Texas limited liability company and will receive actual notice of this Complaint by service upon its registered agent, David R. Luetchford., at its registered office, 16225 Park Ten Pl, Suite 105, Houston, Texas 77084.

## INTRODUCTORY FACTS

6.       Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in photograph discovered by Oppenheimer (the "Work"). Attached hereto as **Exhibit 1**, and shown below:



7. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://performanceimpressions.com.

8. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration for the registration for the Work entitled "Travel and Event Photography by David Oppenheimer," Registration No. VAu 1-102-583.

9. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registered photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

10. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case, when published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was copyright-protected.

11. Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying and publishing (or directing others to do so) his protected Work on Defendants'

website drl-engineering.com in order to advertise, market, and/or sell their servies. See **Exhibit 3**. Additionally, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by copying, distributing, and publicly displaying (or directing others to do so) his protected Work on the homepage of their website, and in at least two (2) different online brochures. See **Exhibit 3 - 5**.

12. Upon information and belief, one or more of the Defendants, or someone on their behalf, located and accessed Oppenheimer's Work on his website, http://www.performanceimpressions.com, or through a Google image search, scraped the image, and uploaded it to the homepage of Defendants' website and to the two (2) brochures (which were subsequently posted on Defendants' website as well).

13. Oppenheimer's attorney sent Defendants a letter regarding their infringement of the copyrighted Work, and requested information about the nature and extent of their infringing activities (**Exhibit 6**). Despite being put on notice of their infringements on March 9, 2020, Defendants continued to display the two (2) online brochures containing the infringing image until at least June 4, 2020 – or at least 87 days.

14. Thereafter, Oppenheimer's attorney made several attempts to engage Defendants in settlement negotiations, but they refused to do so.

## CAUSES OF ACTION
## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

16. Defendants, without knowledge or intent, have infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning,

copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

17. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT II – RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

19. Alternatively, Defendants recklessly or willfully infringed Oppenheimer's copyrights in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

20. Because Oppenheimer's Work at issue in this case, when published, prominently displayed his CMI on its face with a watermark, as well as embedded in the metadata of the Work, Defendants were on notice that the Work was copyright-protected, yet they infringed it anyway. Additionally, Defendants continued to infringement Oppenheimer's Work online for at-least 87 days after being put on notice of their infringing activities.

21. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer

monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

### COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22. Oppenheimer re-alleges and incorporates paragraphs 1 - 21 hereinabove as if recited *verbatim*.

23. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time the infringing acts were performed, Luetchford was the manager, realtor, member, registered agent, and/or other genre of principal of DRL at the time of the infringement.

24. On information and belief, Luetchford controlled nearly all decisions of DRL, and was the dominant influence in the company. Luetchford provided hands-on decision making with respect to the activities of the company, making most if not all of the decisions. Luetchford therefore had the right and ability to supervise and/or control the infringing conduct of DRL, and/or to stop the infringements once they began. Upon information and belief, Luetchford had obvious and direct financial interests in the infringing activities of DRL.

25. Accordingly, Luetchford is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the infringing activities of DRL.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26. Oppenheimer re-alleges and incorporates paragraphs 1 – 25 above as if recited *verbatim*.

27. Alternatively, Luetchford has caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements; and/or he has refused to exercise his right and/or ability to stop the infringement(s) after they began.

28. On information and belief, Luetchford controlled nearly all decisions of DRL, and was the dominant influence in the company. Luetchford provided hands-on decision making with respect to the activities of the company, set and controlled the companies' policies and protocols, and established company rules and cultures which appear to have allowed or even encouraged the infringing activities. Additionally, Luetchford had the right and ability to supervise and/or control the infringing conduct of DRL, and/or to stop the infringements once they began. However, he either refused to exercise such rights, or he chose to remain blind to the infringing activities, all while maintaining a work environment that allowed them. Additionally, upon information and belief, Luetchford had obvious and direct financial interests in the infringing activities of DRL.

29. Accordingly, Luetchford is personally liable to Oppenheimer as a contributory infringer for the infringing activities of DRL.

## COUNT V
## VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

30. Oppenheimer re-alleges and incorporates paragraphs 1 – 29 above as if recited *verbatim*.

31. As is his pattern and practice, Oppenheimer clearly marked the Work with his CMI on the face of the images, in legible captions just below the image, and within the metadata of the image. Oppenheimer's facial CMI always includes a "©" or the word "Copyright" in the lower right corner of Works he publishes; CMI in the metadata always includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Works appreciate that he owns all rights and title to them. On information and belief, one or both Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Oppenheimer's CMI.

32. In accomplishing the infringement displayed on the homepage of Defendants' website drl-engineering.com – as identified above – and upon information and belief, one or more of the Defendants, or a third party at their behest, intentionally removed and/or cropped-off the CMI from the face of Oppenheimer's Work.

33. Upon information and belief, one or more of the Defendants distributed copies and/or derivatives of Oppenheimer's Work knowing that such CMI had been cropped-off the face of it or had been otherwise removed, all without authorization.

34. At the time that Oppenheimer's CMI was cropped-off or otherwise removed from his Work, and at the time the Work was distributed having had its CMI cropped-off or removed, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyrights.

35. In accomplishing the two (2) infringements displayed on the online brochures, Defendants displayed the DRL Engineering logo – as well as the logo for Phillips 66 – on the face of the infringing images, thus providing false CMI and distributing the same online in violation of 17 U.S.C. § 1202(a)(1) and (2).

36. Upon information and belief, one or more of the Defendants provided this false CMI – and distributed the same online – knowingly and with the intent to induce, enable, facilitate and/or conceal infringements of Oppenheimer's copyrights.

37. Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

38. Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

39. As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time

tracking-down and documenting the infringements, research time tracking-down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

### RELIEF REQUESTED

40. Oppenheimer demands an accounting of Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by Defendants through their infringing activities.

41. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements.

42. Alternatively, and at Oppenheimer's post-verdict election, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

43. Oppenheimer is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by Defendants through their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

44. Alternative to actual damages under the DMCA, at Oppenheimer's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Oppenheimer is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not

exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Oppenheimer's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

45. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

46. That Defendants be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

47. That Defendants provide an accounting of all gains, profits and advantages derived by him as a result of the willful and unlawful acts of copyright infringement above-described;

48. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

49. In the alternative, and at Oppenheimer's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for the

Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

50. That in addition to the above, Defendants be ordered to pay over to Oppenheimer actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Oppenheimer's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

51. That alternative to actual damages under the DMCA, and at Oppenheimer's election after verdict, Defendants be: 1) ordered to pay to Oppenheimer the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing Oppenheimer's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

52. That Defendants be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

53. That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

                                            **LEJUNE LAW FIRM**

                                            Dana A. LeJune

TBN: 12188250
NCBN: 49025
1215 North Loop West
Suite 825
Houston, Texas 77008
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

______________________
Scott M. Francis
TBN: 24088795
scott@triallawyers.net