## IN THE UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DAVID OPPENHEIMER,

     Plaintiff,

v.                            Case No.  4:20-cv-2747

DAVID R. LUETCHFORD and
DRL ENGINEERING, LLC

     Defendants.

---

## DEFENDANTS DAVID R. LUETCHFORD AND DRL ENGINEERING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

Defendants DAVID R. LUETCHFORD and DRL ENGINEERING, LLC through their attorneys, Lasater & Martin, P.C., answer the Plaintiff's Complaint as follows:

### JURISDICTION/VENUE

1.     Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit venue is proper.

### THE PARTIES

3.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint and therefore deny the same.

4.     Defendants admit that David R. Luetchford is an individual citizen of the State of Texas, as well as the owner, manager, member, registered agent, and principal of DRL Engineering, LLC.  However, Defendants deny all other allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.     Defendants admit that DRL Engineering, LLC is a Texas limited liability company.  However, Defendants deny all other allegations contained within Paragraph 5 of Plaintiff's Complaint.

## INTRODCTORY FACTS

6.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore deny the same.

7.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and therefore deny the same.

8.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

9.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12.     Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit that Plaintiff's attorney sent them a letter regarding their alleged infringement of the copyrighted Work.  However, Defendants deny all other allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

## CAUSES OF ACTION
## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15.     Defendants reincorporate their responses to the prior allegations as if set forth herein.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

## COUNT II - RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

18.     Defendants reincorporate their responses to the prior allegations as if set forth herein.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

### COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22.     Defendants reincorporate their responses to the prior allegations as if set forth herein.

23.     Defendants admit that Luetchford was and is the manager and principal of DRL Engineering, LLC.  However, Defendants deny all other allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

### COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26.     Defendants reincorporate their responses to the prior allegations as if set forth herein.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

### COUNT V – VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

30.     Defendants reincorporate their responses to the prior allegations as if set forth herein.

31.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint and therefore deny the same.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

## CAUSATION/DAMAGES

39.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and therefore deny the same.

## RELIEF REQUESTED

40.     Paragraph 40 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 40 to the extent that it is inconsistent with Texas and Federal law.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Paragraph 40 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 40 to the extent that it is inconsistent with Texas and Federal law.

46.     Paragraph 40 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 40 to the extent that it is inconsistent with Texas and Federal law.

47.     Paragraph 47 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 47 to the extent that it is inconsistent with Texas and Federal law.

48.     Paragraph 48 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 48 to the extent that it is inconsistent with Texas and Federal law.

49.     Paragraph 49 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 49 to the extent that it is inconsistent with Texas and Federal law.

50.     Paragraph 50 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 50 to the extent that it is inconsistent with Texas and Federal law.

51.     Paragraph 51 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 51 to the extent that it is inconsistent with Texas and Federal law.

52.     Paragraph 52 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 52 to the extent that it is inconsistent with Texas and Federal law.

53.     Paragraph 53 of Plaintiff's Complaint contains no allegations and therefore no response is required.  If a response is deemed necessary, Defendants deny Paragraph 53 to the extent that it is inconsistent with Texas and Federal law.

## AFFIRMATIVE DEFENSES

54.     Plaintiff has failed to state a claim upon which relief can be granted.

55.     Defendants' conduct was innocent, non-infringing, and not a willful infringement of copyright.

WHEREFORE, Defendants respectfully request that upon final trial and hearing, the Court enter judgment that Plaintiff take nothing by reason of his claims, that Defendants be discharged and recover their costs and such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted this 6th day of November, 2020.

**LASATER & MARTIN, P.C.**
5605 N. MacArthur Boulevard, Suite 1000
Las Colinas, Texas 75038
Janet B. Martin: (303) 730-3900
Thera Cooper: (972) 717-2600
Facsimile: (972) 525-5327
Janet@LasaterandMartin.com
Thera@LasaterandMartin.com


*/s/ Thera A. Cooper*
**JANET B. MARTIN**
State Bar No. 02062000
**THERA A. COOPER**
State Bar No. 24097532

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANTS DAVID R. LUETCHFORD AND DRL ENGINEERING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was electronically filed on November 6, 2020 using the CM/ECF system and served on all counsel of record.

*/S/ Samuel L. Griffin*
Samuel L. Griffin